

2012 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2012

# EEOC v. Kronos;Inc

Precedential or Non-Precedential: Precedential

Docket No. 11-2834

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2012

Recommended Citation
"EEOC v. Kronos;Inc" (2012). *2012 Decisions*. Paper 93.
http://digitalcommons.law.villanova.edu/thirdcircuit_2012/93

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2012 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

October 2, 2012

No.11-2834

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Appellant

v.

KRONOS INCORPORATED

(W.D. Pa. No. 2-09-mc-00079)

Present: SLOVITER, CHAGARES and JORDAN, Circuit Judges

1.      Motion by Appellant to Modify or Amend Opinion.

2.      Response by Appellee in Opposition of Motion to Modify or Amend Opinion.

Respectfully,
Clerk/dwb

Precedential Opinion and Judgment
dated 09/14/2012 attached.

_____ORDER_____

The foregoing motion is hereby granted.  The opinion of the Court shall be amended as follows:

(1)  Page 18, first full paragraph, the first sentence is deleted and is replaced by the following sentence:

To determine whether there is reasonable cause to believe a violation of 42 U.S.C. § 12112(b)(6) has occurred the EEOC must investigate whether the employment test at issue (1) "screen[s] out or tend[s] to screen out" disabled applicants; and can investigate whether it (2) is unrelated to the position sought by the applicant; and  (3) is not "consistent with business necessity."

(2)  Page 19, second full paragraph, the first two sentences are deleted and are replaced by the following sentences:

Again, it may be insufficient for the EEOC to determine simply that there is reasonable cause to believe an employment test screens out disabled applicants. See 42 U.S.C. § 12112(b)(6).  The EEOC can also determine whether there is

reasonable cause to believe the test does not relate to the position at issue and is not "consistent with business necessity." Id.

(3)  Page 20, second full paragraph, the second sentence is deleted and is replaced by the following sentence:

All of the information in ¶ 3 is already sufficiently limited because it relates to the Kroger Company and is, again, generally necessary to help the EEOC understand whether Kroger's use of the assessment was permissible and to investigate whether there is reasonable cause to believe there has been a violation of § 12112(b)(6).


By the Court,


/s/ Michael A. Chagares
Circuit Judge


Dated:   November 15, 2012
DWB/cc:
Corbett Anderson, Esq.
Barbara L. Sloan, Esq.
R. Lawrence Ashe, Jr., Esq.
Kelly J. Koelker, Esq.
Terrence H. Murphy, Esq.